1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

9
10
11
12
13

CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST OF WESTERN WASHINGTON,

Plaintiffs,

14

v.

15
16

INTERNATIONAL EXPO SERVICE, INC., a California corporation,

17

Defendant.

18

Cause No. 15-cv-1599

COMPLAINT FOR MONETARY DAMAGES

19

## I. PARTIES

20

1.1     Plaintiff Carpenters Health and Security Trust of Western Washington

21

("Carpenters Health & Security Trust") is a Taft-Hartley trust fund established for the

22

purpose of providing and maintaining hospital, medical, dental, vision, disability or

23

death benefits, and any other similar benefits for eligible members and their

24

beneficiaries.  It maintains its principal office in Seattle, King County, Washington.

25

1.2     Plaintiff Carpenters Retirement Trust of Western Washington ("Carpenters

26

Retirement Trust") is a Taft-Hartley trust fund created for the purpose of providing

COMPLAINT FOR MONETARY DAMAGES – 1
15-cv-1599

**EKMAN THULIN, P.S.**
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

benefits for the support of eligible members after retirement and/or their beneficiaries pursuant to a retirement plan.  It maintains its principal office in Seattle, King County, Washington.

1.3    Plaintiff Carpenters-Employers Vacation Trust of Western Washington ("Carpenters Vacation Trust") is a Taft-Hartley trust fund created for the purposes of providing vacation and related benefits to employees pursuant to a vacation benefit plan.  It maintains its principal office in Seattle, King County, Washington.

1.4    Plaintiff Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington ("Carpenters Apprenticeship Trust") is a Taft-Hartley trust fund created for the purpose of providing apprenticeship and training benefits to employees in a manner as set forth in the agreement.

1.5    Defendant International Expo Service, Inc. ("International Expo") is a California corporation with its principal place of business in Cypress, Orange County, California.   During the relevant time period, it conducted business in the State of Washington.

## II.  JURISDICTION AND VENUE

2.1    This Court has jurisdiction pursuant to §§301(c), 302(e) of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. §§185(c), 186(e); and §§502(a)(3), (e)(2) of the Employee Retirement Income Security Act of 1074 ("ERISA"), codified at 29 U.S.C. §§1132(a)(3), (e)(2).

2.2    Venue in this Court is proper pursuant to §301(a) LMRA, codified at 29 U.S.C. § 185(a); §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2); and pursuant to agreement between the parties.

## III.  FACTS

3.1    On November 8, 2005, Christina Collins, on behalf of International Expo, executed the Tradeshow Agreement Signature Page, binding the company to the *Trade*

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

*Show Agreement between Pacific Northwest Regional Council of Carpenters and the Trade Show Contractors*, effective June 1, 2005 through May 31, 2008.

3.2    The agreement also contains an "evergreen clause" in which International Expo agreed to be bound by the Labor Agreement and any successor agreements. International Expo has not terminated the Labor Agreement, and the current Labor Agreement in place is the *Pacific Northwest Master Trade Show Agreement between Pacific Northwest Regional Council of Carpenters and the Trade Show Contractors*, effective December 1, 2012 through May 31, 2016 (the two trade show agreements shall be collectively referred to as the "Labor Agreement").

3.3    By signing the Labor Agreement, International Expo agreed to make fringe benefit contributions to the plaintiff Trust Funds in amounts set forth in the Labor Agreement, Schedule A:

(a) Trust Contributions: The contribution amounts specified in paragraphs (b) through (h) below shall be made to whichever of the following Trust Funds has appropriate jurisdiction: (1) the Carpenters Trust of Western Washington; (2) the Washington - Idaho - Montana Carpenters - Employers Trust; or (3) the Oregon - Washington Carpenters-Employers Trust.

3.4    International Expo also agreed to be bound by the applicable trust agreements incorporated by reference into the Labor Agreement:

(f) Parties Bound. It is further understood that employers who are parties to this Agreement shall be bound by the terms and provisions of the Trust Funds and Plans as mentioned in Sections 1 through 7 as though these Trust Funds and Plans were part of this Agreement.

3.5    The plaintiff Trust Funds are beneficiaries under the terms of the Labor Agreement.

3.6    As a signatory to the Labor Agreement, as discussed above, International Expo agreed to the terms of the (i) Carpenters Health & Security Trust of Western Washington; (ii) Carpenters Retirement Trust of Western Washington; (iii) Carpenters-

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

Employers Vacation Trust of Western Washington; and (iv) Carpenters-Employers Apprenticeship and Training Trust of Western Washington.

      3.7    International Expo's obligations under the Carpenters Health & Security Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the Revised Trust Agreement of the Carpenters Health and Security Trust of Western Washington, dated January 1, 1998, and as amended.  Under the Carpenters Health & Security Trust, International Expo agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than twelve percent (12%), nor more than eighteen percent (18%);  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

      3.8    International Expo's obligations under the Carpenters Retirement Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the Revised Trust Agreement of the Carpenters Retirement Trust of Western Washington, dated January 1, 1998, and as amended.  Under the Carpenters Retirement Trust, International Expo agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than twelve percent (12%), nor more than eighteen percent (18%);  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9    International Expo's obligations under the Carpenters Vacation Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the Revised Trust Agreement of Carpenters-Employers Vacation Trust of Western Washington, dated January 1, 1998, and as amended.  Under the Carpenters Vacation Trust, International Expo agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than twelve percent (12%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10    International Expo's obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the Revised Trust Agreement of Carpenters-Employers Apprenticeship and Training Trust Fund of Western

EKMAN THULIN, P.S.
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

Washington, dated January 1, 1998, and as amended.   Under the Carpenters Apprenticeship Trust, International Expo agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than twelve percent (12%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.11    Following execution of the collective bargaining agreements, International Expo hired union workers subject to the scope of the agreements and began the monthly reporting and payment of contributions to the Plaintiff Trust Funds.

3.12    In 2014, the Trust Funds selected International Expo for a review of its payroll and related business records to determine whether the company had complied with its obligations to the Trust Funds for the period January 1, 2011 through December 31, 2014 (the "Testing Period").

3.13    On February 19, 2015, the Trust Funds' auditor, Anastasi Moore Martin issued its *Independent Accountants' Report on Applying Agreed-Upon Procedures* (the "Compliance Report").   The auditor concluded that International Expo underreported and/or underpaid its fringe benefit contributions during the Testing Period.   The auditor further concluded that International Expo owed the Trust Funds $22,146.25, consisting

COMPLAINT FOR MONETARY DAMAGES – 6
15-cv-1599

of $15,892.28 in fringe benefit contributions, $1,907.08 in liquidated damages, $3,469.39 in interest due to non-payment, and $877.50 in audit fees.

3.14    On March 5, 2015, the Trust Funds provided International Expo with a copy of the Compliance Report for review.

3.15    After it was provided with the Compliance Report, International Expo provided the auditor with documents supporting its objections to the Compliance Report.

3.16    Following a review of the additional documents provided by International Expo, the auditor concluded the company owed $13,232.58, consisting of $8,646.23 in fringe benefit contributions, $1,037.55 in liquidated damages, $2,828.80 in interest through the date of the Compliance Report, and $720.00 in audit fees.

3.17    A copy of the amended Compliance Report was provided to International Expo on September 16, 2015.  The company was asked to provide payment in full or have a signed payment plan in place prior on or before September 30, 2015. International Expo did not respond to the letter requesting payment.

3.18    As of the date of this complaint, International Expo has not paid any amounts towards the balance owed under the amended Compliance Report.

## III.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Contract)

4.1    The Plaintiff Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.18, above.

4.2    International Expo's failure to comply with the Trust Funds' audit request and payroll records inspection constitutes a breach of terms of the labor and trust agreements between the Union and International Expo, to which the Plaintiff Trust Funds are beneficiaries and/or parties.

COMPLAINT FOR MONETARY DAMAGES – 7
15-cv-1599

4.3     As a result of International Expo's breach, the Plaintiff Trust Funds have been damaged in an amount to be proven at trial, but not less than $13,232.58, plus attorney fees, and costs of enforcement and collection.

### Second Cause of Action
### (Violation of ERISA)

4.4     The Plaintiff Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.18, above.

4.5     International Expo's failure to pay fringe benefit contributions owed to the Trust Funds violates §209(a) ERISA, codified at 29 U.S.C. §1059(a) and gives rise to a cause of action under §502(g)(2)(E) ERISA, codified at 29 U.S.C. §1132(a)(3).

4.6     As a result of International Expo's failure to comply, the Plaintiff Trust Funds have been damaged in an amount to be proven at trial, but not less than $13,232.58, plus attorney fees, and costs of enforcement and collection.

### IV.  RELIEF REQUESTED

The Plaintiff Trust Funds respectfully request the Court grant the following:

A.     Judgment in favor of the Plaintiff Trust Funds, in an amount to be determined at trial, but not less than $8,646.23, for all fringe benefit contributions shown to be due from International Expo by the amended Compliance Report;

C.     Judgment in favor of the Plaintiff Trust Funds, in an amount to be determined at trial, but not less than $1,037.55, for all liquidated damages shown to be due from International Expo by the amended Compliance Report, or double the accrued, prejudgment interest, whichever is higher, pursuant to 29 U.S.C. §1132(g)(2)(C);

D.     Judgment in favor of the Plaintiff Trust Funds, in an amount to be determined at trial, but not less than $2,828.80, for all accrued, prejudgment interest shown to be due from International Expo;

COMPLAINT FOR MONETARY DAMAGES – 8
15-cv-1599

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

E.      An award of attorney fees and costs, as authorized by the labor and trust agreements to which International Expo is a party, and as authorized under 29 U.S.C. §1132(g)(2)(D);

F.      Post-judgment interest at the 12% rate specified in the applicable Trust Agreements, as authorized under 29 U.S.C. §1132(g)(2); and

G.      Any other such relief under federal law or as is just and equitable.

Dated: October 7, 2015.

_____
Jeffrey G. Maxwell, WSBA #33503
Ekman Thulin, P.S.
220 W Mercer Street, Suite 400
Seattle, Washington 98119
(206) 282-8221 (t)
(206) 285-4587 (f)
j.maxwell@ekmanthulin.com

Attorneys for the Plaintiff Trust Funds

EKMAN THULIN, P.S.
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221